UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORA YOUNG,

       Plaintiff,

   -against-

THE YOUNG WOMEN'S CHRISTIAN
ASSOCIATION OF THE CITY OF NEW
YORK,

       Defendant.

Case No. 1:25-cv-05054 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

  On June 16, 2025, Plaintiff Debora Young ("Plaintiff") filed the Complaint in this action. *See* Dkt. 1.  On September 15, 2025, the Court ordered Plaintiff to show cause why she had not served Defendant The Young Women's Christian Association of the City of New York ("Defendant") with the summons and Complaint within 90 days of filing it, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure or, if Plaintiff believed that Defendant had been served, to show when and in what manner that service was made.  *See* Dkt. 5.

  On October 11, 2025, Plaintiff filed a response to the Court's Order, *see* Dkt. 8, including a Declaration of David Zezin, Esq., Dkt. 8-1 (the "Zezin Declaration").  In the Zezin Declaration, Plaintiff's counsel averred that Defendant's counsel notified him on July 23, 2025, that "she was in possession of the Complaint," even though Defendant had not been formally served, Zezin Decl. ¶ 5, but that counsel failed to verify that she would accept service on Defendant's behalf, *id.* at ¶¶ 6-10.  Plaintiff's counsel further stated that, on September 8, 2025, he instructed a process server to effectuate service of the Complaint by September 15, 2025.  *Id.* at ¶ 11.  That process server attempted, but failed, to complete service on September 12, 2025, *id.* at 12, and ultimately served Defendant on September 23, 2025, "eight days beyond" Rule 4(m)'s 90-day

deadline. *Id*. at ¶ 13. On October 15, 2025, the parties filed a stipulation agreeing that Defendant's time to answer or otherwise respond to the Complaint would be extended to November 25, 2025. Dkt. 9.

Under Federal Rule of Civil Procedure 4(m), a court must extend a plaintiff's time to serve the Complaint "if the plaintiff demonstrates good cause." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). However, the Court also has "wide latitude . . . in deciding when to grant extensions on time to serve, including . . . grant[ing] extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including where the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order); *accord Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021).

The Court will grant Plaintiff an extension of time to serve the Complaint. Plaintiff — through counsel — has demonstrated reasonable diligence in her attempts to timely serve Defendant with the Complaint. *See generally* Zezin Decl. Defendant also has not been prejudiced by the short delay. Defendant had actual notice of the Complaint since July 2025, and has ample time to answer or otherwise respond to the Complaint given the parties' recent stipulation. *See* Dkt. 9.

Accordingly, the Court extends Plaintiff's time to serve the Complaint to September 23, 2025, the date that Defendant was served. *See* Dkt. 8-6. The Court accepts the parties'

stipulation to extend Defendant's time to answer or otherwise respond to the Complaint; that response shall be due no later than **November 25, 2025**.

Dated: October 15, 2025
       New York, New York

                                          SO ORDERED.

                                          JENNIFER L. ROCHON
                                          United States District Judge