UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORA YOUNG,<br><br>        *Plaintiff*,<br><br>v.<br><br>THE YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK,<br><br>        *Defendant*. | Civil Action No. 1:25-cv-05054<br><br>Hon. Jennifer L. Rochon, U.S.D.J. |

## ANSWER AND SEPARATE DEFENSES

Defendant The Young Women's Christian Association of the City of New York ("YWCA" or "Defendant"), by and through its attorneys Gordon Rees Scully Mansukhani LLP, in answer to the Complaint of plaintiff Debora Young, deposes and says:

### JURISDICTION AND VENUE

1. Except to state that the Complaint speaks for itself, YWCA makes no answer to the allegations contained in Paragraph 1 inasmuch as they assert a conclusion of law to which no response is necessary. To the extent a response is required, YWCA denies that Plaintiff can assert a viable cause of action under any of the cited statutes and, thus, denies any inference of liability.

2. Because the allegations contained in Paragraph 2 require Defendant to draw a conclusion of law, it makes no answer thereto, except to deny any inference of liability.

3. Because the allegations contained in Paragraph 3 require Defendant to draw a conclusion of law, it makes no answer thereto, except to deny any inference of liability.

## THE PARTIES

4. With respect to the allegations contained in Paragraph 4, Defendant: (a) makes no answer to the allegation that it is an employer within the meaning of the laws in question, since this allegation requires it to affirm a conclusion of law, to which no response is necessary; and (b) admits that, as of September 2021, Plaintiff Debora Young assumed the position of Senior Program Director for Out of School Time Programs and remained in that role until her resignation on or about June 16, 2022.

5. With respect to the allegations contained in Paragraph 4, Defendant: (a) admits that YWCA is a Manhattan-based 501(c)(3) organization that was formed and exists to provide various social services to certain members of the public; and (b) makes no answer to the allegation that it is an employer within the meaning of the cited laws, except to deny any inference of liability, since this allegation requires it to affirm a conclusion of law, to which no response is necessary.

## FACTUAL ALLEGATIONS

## UNPAID WAGES AND OVERTIME

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant denies the allegations contained in Paragraph 7.

8. With respect to the allegations in Paragraph 8, Defendant: (a) admits that Debora Young began her employment with YWCA on or about August 17, 2020, at a salary of $80,000; and (b) lacks sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Except to aver that Defendant did increase Plaintiff's salary on two occasions during her employment to the amounts specified in the Complaint, Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Defendant lacks sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. With respect to the allegations in Paragraph 13, Defendant admits that Plaintiff's duties included those alleged therein, but avers that she performed many additional duties as well.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

## **ERISA/COBRA**

22. Defendant admits the allegations contained in Paragraph 22.

23. Except to aver that Plaintiff voluntarily chose to resign and without giving notice to YWCA, Defendant admits the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

### VACATION TIME

26. With respect to the allegations contained in Paragraph 26, Defendant: (a) avers that the handbook would speak for itself and refers the Court to its terms; (b) denies that YWCA's handbook confers any contractual rights upon Plaintiff or imposes any duties upon YWCA and (c) denies that she is entitled to any accrued vacation time.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Except to aver that, in Shantel Ward's case, it relaxed its vacation policy on an exception basis as an accommodation to her (and for valid business reasons), Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

### FIRST CAUSE OF ACTION

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

### SECOND CAUSE OF ACTION

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

### THIRD CAUSE OF ACTION

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

### FOURTH CAUSE OF ACTION

43. Because the allegations contained in Paragraph 43 require Defendant to draw a conclusion of law, they make no answer thereto, except to deny any inference of liability.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

### FIFTH CAUSE OF ACTION

46. Defendant denies the allegations contained in Paragraph 47.

47. Defendant denies the allegations contained in Paragraph 48.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has been lawfully compensated for all hours of work she performed.

### THIRD SEPARATE DEFENSE

The Complaint fails to plead a *prima facie* claim for overtime compensation, whether under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, the New York Labor Law ("NYLL"), N.Y. LAB. L. § 1, *et seq.*, or both.

### FOURTH SEPARATE DEFENSE

Plaintiff was exempt from overtime compensation pursuant to the exemptions for executive and administrative employees established by the FLSA and the NYLL.

### FIFTH SEPARATE DEFENSE

Defendants have made reasonable, good-faith efforts to comply with the law.

### SIXTH SEPARATE DEFENSE

Plaintiff's alleged damages must be barred or limited pursuant to the doctrine of offset.

### SEVENTH SEPARATE DEFENSE

Some or all of the relief demanded in the Complaint is barred by operation of the statute of limitations.

### EIGHTH SEPARATE DEFENSE

Any violation of the FLSA, the NYLL, or NYCRR, was inadvertent, unintentional, and without any plan or design to evade the law, such that Plaintiff may not recover liquidated damages in this matter.

### NINTH SEPARATE DEFENSE

The Complaint and each of its purported claims for relief are barred by the doctrine of waiver, laches, and estoppel.

### TENTH SEPARATE DEFENSE

Plaintiff's claims against this Defendant are barred, in whole or in part, by the doctrine of unclean hands.

### ELEVENTH SEPARATE DEFENSE

Plaintiff never entered into a binding and enforceable contract with YWCA.

### TWELFTH SEPARATE DEFENSE

Once offered the option of purchasing COBRA continuation coverage, Plaintiff rejected the offer and, thus, sustained no actual harm by reason of any failure to sooner provide notice of her COBRA rights.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff has unreasonably failed to mitigate her alleged damages.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's alleged damages must be barred or reduced pursuant to the doctrine of avoidable consequences.

### FIFTEENTH SEPARATE DEFENSE

YWCA respectfully reserves the right to offer additional defenses upon further discovery concerning the alleged claims and issues herein, or upon discovery of further information concerning YWCA's defenses.

WHEREFORE, Defendant The Young Women's Christian Association of the City of New York requests that judgment be entered in its favor as follows:

(a) that Plaintiff take nothing by way of her Complaint;

(b) that the Complaint be dismissed with prejudice, and with reasonable attorneys' fees and costs awarded in favor Defendant; and

(c) for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant The Young Women's Christian Association of the City of New York.*

By: *s/ Douglas E. Motzenbecker*
Douglas E. Motzenbecker
Suzy Ezzat
One Battery Park Plaza - 28th Floor
New York, New York 10004
Telephone: 1-212-269-5500
Facsimile: 1-212-269-5505
Email: dmotzenbecker@grsm.com

DATED: December 4, 2025